IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

RONALD AND LAURA WILLIAMS,                                    (Chapter 7)

Debtors.                                    Case No. 06-12442

WILLIAM RAMEKER, TRUSTEE,

Plaintiff,

v.                                                           Adv. No. 07-74

TODD HOLDEN,

Defendant.

MEMORANDUM DECISION

The Trustee seeks permission to sell certain property titled in T&R Enterprises. The defendant asserts that the Trustee has no interest in the property; or alternatively, the benefit to the estate of a sale does not outweigh the detriment to the defendant.

T&R Enterprises ("T&R") is a general Wisconsin partnership. The "T" stands for Todd Holden, the defendant, and the "R" stands for Ronald Williams, the debtor in this Chapter 7 case. They, with perhaps their fathers, are the sole partners in T&R.

On April 6, 2006, T&R sold roughly 15 acres of real estate for $250,000. The proceeds from the sale were not divided equally: $150,523.30 went to Mr. Williams (actually, to the bank in satisfaction of Mr. Williams' personal loan), and substantially lesser amounts to Mr. Holden

1

and other partner-creditors. After this sale, the only remaining asset of T&R was a 5-acre parcel

of real estate ("Real Estate") which is the subject of this adversary case.

On April 11, 2006, Mr. Williams and Mr. Holden executed a document captioned

"Addendum to T&R Enterprises Partnership Agreement A Wisconsin General Partnership."

Def. Ex. 2 (the "Addendum"). The Addendum states that, in relation to the April 6 sale, "Ron

Williams was compensated for 100% of his portion of the partnership" and that "When the

remaining 5 acres are sold Ron Williams will receive zero (0) compensation." The Addendum is

signed by both Mr. Williams and Mr. Holden.

On October 3, 2006, Ronald and Laura Williams filed a voluntary chapter 7 petition. The

partnership was dissolved by statute on that filing. Wis. Stat. § 178.26. Whatever interest in

T&R Mr. Williams had at the time of filing became property of the Bankruptcy Estate. The

Trustee claims a half interest in the Real Estate with Mr. Holden and seeks to sell the Real Estate

in its entirety pursuant to 11 U.S.C. § 363(h).

A trial was held on November 1. At the conclusion of the trial the court made two

findings. First, the value of the Real Estate was $175,000. Second, partition of the property is

not in the best interest of the estate, and the property should be sold as a single parcel. (I.e.,

"partition in kind . . . is impracticable" § 363(h)(1).) The remaining issues were taken under

advisement.

The first unresolved issue is the effect of the Addendum. If it legally does what it

attempts to do, then the Trustee, as successor in interest to Mr. Williams, has no interest in the

Real Estate.

Insofar as the Addendum is a contract, it must be supported by consideration. Mr.

Williams received and Mr. Holden relinquished $150,523.30 from the sale of real estate five

days earlier. Mr. Williams relinquished and Mr. Holden received all interest in proceeds from any future sale of the Real Estate. But for the axiom of contract law that past consideration is no consideration, <u>Chudnow Constr. Corp. v. Commercial Discount Corp.</u>, 48 Wis. 2d 653, 658 (Wis. 1970), the Addendum would be enforceable. But the consideration for Mr. Williams' rights under the agreement had already been received. So, the Addendum arguably would not be binding on Mr. Williams. Thus, the Trustee could assert the defect in the contract to claim an interest in T&R and a share of the profits from a future sale of the Real Estate.

But characterization of the Addendum as a simple contract misleads us. Absent an agreement to the contrary, the profits of a partnership are shared equally among the partners. Wis. Stat. § 178.15(1) ("[S]ubject to any agreement between them . . . [e]ach partner shall . . . share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied . . . ."). When one partner receives, inadvertently or otherwise, proceeds to which she is not entitled, she is liable to the partnership for the excess payment. There is scant[1] evidence here that these partners intended an unequal distribution of assets. Thus, when Mr. Williams was paid $150,000 from the proceeds of the April 6 sale, he was liable to the partnership for any overpayment. Because Mr. Williams received over half of the gross proceeds of the sale, it is indisputable (whether T&R consisted of two partners or four) that he received more than his share of the equally-divided proceeds. Thus, he became liable to the partnership for the excess payment. The Addendum merely provides an agreed record of what the law of partnerships already requires.

In addition, because Mr. Williams owed the partnership money, releasing that obligation is sufficient present consideration for the Addendum executed April 11. Thus, the Addendum is

---

[1] The only evidence is the overpayment itself—but this is rebutted by the April 11 Addendum which acknowledges that Mr. Williams was overpaid.

binding and deprives Mr. Williams (and the Trustee as successor in interest) of any interest in

proceeds on the sale of the Real Estate. The Trustee's complaint must be dismissed. An order

will be entered accordingly.


Dated: December 4, 2007


ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

RONALD AND LAURA WILLIAMS,                                    (Chapter 7)

      Debtors.                                             Case No. 06-12442

---

WILLIAM RAMEKER, TRUSTEE,

      Plaintiff,

v.                                                           Adv. No. 07-74

TODD HOLDEN,

      Defendant.

---

ORDER

---

The Court having reached the conclusions of law contained in the memorandum decision

filed this date, it is hereby ORDERED that the Trustee's complaint is DISMISSED.

Dated:  December 4, 2007

ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE